*In re* ESTATE OF GARY REDEKER, Deceased (Melissa Sue Redeker, by and through her Mother and Next Friend, Patricia Eubanks, Petitioner-Appellant, v. Janis Redeker, Respondent-Appellee).

Fourth District   No. 4—90—0651

Opinion filed March 21, 1991.

Johnson, Frank, Frederick & Walsh, of Urbana, for appellant.

D. Cameron Dobbins and Laura D. Clower, both of Dobbins, Fraker, Tennant, Joy & Perlstein, of Champaign, for appellee.

JUSTICE SPITZ delivered the opinion of the court:

This appeal involves conflicting petitions. The circuit court of Champaign County denied the amended petition of Melissa Sue Redeker, by and through her mother and next friend, Patricia Eubanks, hereinafter referred to as petitioner, to serve as special administrator of the estate of Gary Redeker, deceased, for the purpose of prosecuting a wrongful death action. It is alleged that Melissa Sue Redeker, born January 9, 1982, is the only surviving child of decedent. Eubanks is the child's natural mother and decedent's ex-wife.

A counterpetition was filed by Marlin Redeker, decedent's father, Juanita Redeker, decedent's mother, Janis Redeker, decedent's sister, and Michael Redeker, decedent's brother. This counterpetition, which the trial court granted, sought the issuance of letters of administration and the appointment of Janis Redeker as administrator of the estate of Gary Redeker, deceased.

■ The only question presented for review is whether those persons who would be entitled to recover, in the event a wrongful death action was successfully prosecuted, must be allowed to select the representative who would prosecute the action on behalf of the estate when the only asset of the estate is the cause of action for wrongful death. The first paragraph of section 3 of the Wrongful Death Act (Ill. Rev. Stat. 1989, ch. 70, par. 1 *et seq.*) provides:

> "In the event that the only asset of the deceased['s] estate is a cause of action arising under this Act, and no petition for letters of office for his or her estate has been filed, the court, upon motion of any person who would be entitled to a recovery under this Act, and after such notice to the party's heirs or legatees as the court directs, and without opening of an estate, may appoint a special administrator for the deceased party for the purpose of prosecuting or defending the action." (Ill. Rev. Stat. 1989, ch. 70, par. 2.1.)

Looking to the plain meaning of the language of this statute, it is clear that once a petition for issuance of letters of administration of

decedent's estate was filed, the trial court no longer had authority to appoint a special administrator for the purpose of prosecuting the wrongful death action. Nor does petitioner contend the statute is ambiguous. Instead, petitioner argues the document filed by her opponents was really a counterpetition for the appointment of a special prosecutor and not a petition for issuance of letters of administration.

While we agree the document was entitled "Counter-Petition for Appointment of Special Administration," that title does not accurately reflect the relief sought in the counterpetition. Instead, the introductory paragraph indicates it is a counterpetition for the issuance of letters of administration of the decedent's estate. Throughout, the counterpetition refers to "the Illinois Probate Act of 1975" (see Ill. Rev. Stat. 1989, ch. 110½, par. 1—1 *et seq.*).

Nevertheless, petitioner complains that the form of the counterpetition is inadequate for a petition for issuance of letters of administration because (1) the prayer for relief requests appointment of the administrator but does not request issuance of letters of administration, and (2) the counterpetition does not state the approximate value of decedent's real and personal estate in Illinois.

■ Both the amended petition and the counterpetition acknowledge the only asset of the estate is the wrongful death action. Section 9—4(c) of the Probate Act of 1975 requires the approximate value of the real and personal estate be listed "if known." (Ill. Rev. Stat. 1989, ch. 110½, par. 9—4(c).) Therefore, even petitioner acknowledges there is no value to decedent's personal and real estate in Illinois, with the exception of the wrongful death action. Petitioner cites no authority which would require a petition for letters of administration to approximate the value of the cause of action. In fact, to do so in a petition for letters would not only be premature, since no discovery has been conducted, but might also be prejudicial in future settlement negotiations. Therefore, the logical conclusion is that any value of the cause of action is unknown.

■■ ■ The Civil Practice Law (Ill. Rev. Stat. 1989, ch. 110, par. 2—101 *et seq.*) applies to probate proceedings. (Ill. Rev. Stat. 1989, ch. 110½, par. 1—6.) Under the Civil Practice Law, pleadings are to be liberally construed with an objective of doing substantial justice between the parties (Ill. Rev. Stat. 1989, ch. 110, par. 2—603) and, except for cases involving defaults, the prayer for relief does not limit the relief obtainable as long as the adverse party is protected from prejudice by reason of surprise. (Ill. Rev. Stat. 1989, ch. 110, par. 2—604.) Therefore, based on the counterpetition in its entirety, the trial court could reasonably construe the pleading to be a counterpetition

for issuance of letters of administration, and petitioner should not have been surprised by the granting of relief to that effect. The trial court did expressly direct the issuance of letters. Implicit in the trial court's ruling is the finding that the counterpetition is a petition for letters of office.

The final argument of petitioner is that she should have been appointed special administrator because Melissa Sue Redeker is the only "next of kin" entitled to recovery under the Wrongful Death Act. However, petitioner does not argue she has a preference to nominate the administrator of the estate and has not requested the appointment of the administrator of the estate and issuance of letters of administration. (See Ill. Rev. Stat. 1989, ch. 110½, par. 9—3.) And, since Melissa has not yet reached the age of 18, no such preference would exist. (Ill. Rev. Stat. 1989, ch. 110½, pars. 9—1, 9—3.) Nor does the fact Melissa may be the only person arguably entitled to recovery under the Wrongful Death Act require a different result.

The legislature undoubtedly considered this possibility and, nevertheless, provided that, where a petition for letters of office has been filed, no special administrator for the prosecution of a wrongful death action may be appointed. In any event, the probate court will be required to approve any settlement which becomes an asset of the estate; therefore, we are convinced that Melissa's interests in the cause of action will be fully protected.

For the foregoing reasons, the orders of the circuit court of Champaign County are affirmed.

Affirmed.

LUND, P.J., and STEIGMANN, J., concur.